# APPENDIX.

## NOTES OF CASES NOT OTHERWISE REPORTED.

### LARIMER v. THE C., R. I. & P. R. R. Co.

1. AGENCY. Facts discussed which fail to constitute an agency to purchase real estate.

2. CONTRACT TO CONVEY REAL ESTATE. Conditions must be complied with by obligee.

3. DEDICATION. Use for the purposes to which land is dedicated must be shown to establish a claim based upon dedication.

*Appeal from Pottawattamie District Court.*

THURSDAY, MARCH 19.

THIS action was commenced in May, 1870, and the grounds of recovery, as set out in the petition, are as follows: On the 31st day of May, 1869, the plaintiff conveyed to defendant certain real estate in Council Bluffs for the consideration of $500 cash in hand, and annual passes over defendant's railroad to be issued each year for five years, beginning May 1st, 1869. In default of defendant furnishing such passes, the plaintiff was to receive the sum of $250. These considerations were expressed in the deed of the land made by plaintiff to defendant, a copy whereof is made an exhibit to the petition. The petition avers that defendant has failed and refused to furnish the plaintiff with the passes stipulated for in the deed; on account of such default, recovery of the sum of $250 is sought.

Defendant's answer denies the allegations of the petition, and sets up certain equitable matter and, being regarded as a cross bill, asks thereon certain relief. It avers that defendant is the owner of the lands described in plaintiff's petition, and in the deed made an exhibit thereto; that its ownership was acquired through a purchase by plaintiff at a judicial sale of all the property of the Mississippi Railroad Company; that this corporation at the time of such sale was the owner of said land, holding the same for

depot grounds and right of way under a contract and agreement for the
conveyance of the same executed by plaintiff, which was subsequently rati-
fied by the parties thereto.　Defendant asks that its title to said land may be
quieted, and plaintiff be forever barred and enjoined from setting up any
claim thereto,　The answer of plaintiff to this cross-bill gives the history of
the contract with the M. & M. Railroad Company, and of certain conveyan-
ces, intending thereby to show that the title to the land was never acquired
by that corporation; that its rights under the contract were cut off, or aban-
doned, and that defendant acquired title to said land under the deed made
by plaintiff which contains the contract for the passes, default in issuing the
same being the grounds alleged for recovery in this action.　The cause was
tried by the first method as an equity action, and a decree for plaintiff in the
sum of $250 was rendered; defendant's claim for relief was denied and its
cross-bill dismissed.　Defendant appeals.

*Baldwin, Wright & Rising* and *T. F. Withrow*, for appellant.

*B. F. Montgomery*, for appellee.

BECK, J.—I.　The contract embodied in the deed was made by plaintiff
with one Reed, who, it is claimed by plaintiff, was the agent of defendant.
Plaintiff received from him $500 in cash, and delivered to him the deed in
which the contract sued on is found.　Defendant claims that Reed was not
its agent, and that it is not, therefore, bound by the contract.　This position,
we find, is supported by the evidence before us.　The only evidence of the
agency of Reed is found in plaintiff's own testimony.　He states that Reed
"represented that he had been acting for defendant in getting matters of
this kind arranged," and was then at Council Bluffs for the purpose of
obtaining a deed for the land in question from plaintiff. , Plaintiff further
states that he knew Reed had before been acting for defendant.　This is the
substance of all the evidence upon the point of Reed's agency.

A witness for defendant, John P. Cook, who, plaintiff states in his evi-
dence, as the agent and attorney of defendant, had made him a proposition
to purchase the land, which he did not accept, testifies that Reed was not
the agent of defendant, and whatever contract he made with plaintiff was
on his own responsibility, and that when he informed the officers of defend-
ant of his transactions with plaintiff "his acts were promptly repudiated,
and defendant never paid Mr. Larimer nor Mr. Reed a single dollar, nor did
defendant ever accept of or have anything to do with said deed referred to
in plaintiff's deposition."　He further says that "it is not true that Mr.
Reed ever acted as agent of defendant by authority, unless possibly in some
special cases, under instructions from the railroad company."

Upon this evidence we can come to no other conclusion than that Reed, in
making the contract with plaintiff, and in accepting the deed, was not the
agent of defendant, but acted without authority.　His acts failed to bind
defendant; it is not, therefore, liable upon the contract on which plaintiff's
claim is based.　His petition, therefore, will be dismissed.

II.　We are now brought to the consideration of the questions arising
upon defendant's cross bill.　The contract executed by plaintiff, October 17,

1856, for the conveyance of the land in question to the M. & M. Railroad Co., under which defendant claims it acquired a right to the property through the judicial sale, contains the following provisions:

Provided, that said Mississippi & Missouri Railroad Company select said land within one year from this date, and provided, also, that the said company occupy said piece of land for their railroad depot within six years from this date, then and in that event, we whose names are hereunto attached, agree and bind ourselves to convey our interest in said piece of land to said company, and it is further agreed by and between said parties, that if the said company should cease to occupy said piece of land or any part thereof for railroad depot purposes, then the said land so selected shall revert back to the parties hereby agreeing to convey to said company. It is further stipulated by said parties hereby agreeing to convey, that this agreement shall not be transferable or assignable by any party or parties, and that the said parties whose names are hereunto attached, shall only be bound to execute deeds of conveyance to said Mississippi & Missouri Railroad when said company shall have complied with the conditions hereinbefore expressed, and that said parties hereby agreeing to convey, shall not be bound to execute deeds to any other company, corporation, person or persons than the said Mississippi & Missouri Railroad Company.

Defendant claims that as all right of the M. & M. Railroad to this property was transferred to it, the contract secures to it the land. Without considering the effect of the judicial sale but conceding that thereby defendant acquired all rights under the contract held by the M. & M. Railroad Co., we are of the opinion that the evidence fails to establish a compliance with its conditions. By the terms of the instrument the land is to be held and occupied for depot purposes within six years. Near fourteen years had expired before the commencement of the suit. Certainly defendant after the lapse of that time could not enforce the contract without showing either occupancy of the land for the purposes specified, an intention to so occupy it, or some excuse for or an explanation of the failure to use it as prescribed in the contract. It is not shown that defendant has used or intends to use the land for depot purposes. It shows that its road was not built until 1869, but there is not one word found in the evidence tending to show those facts relating to its occupancy. It appears that the land is in possession of the defendant, but we are not authorized to infer from anything appearing in the record that it is or is to be devoted to the purpose stipulated in the contract. In this state of the proof we certainly cannot be expected to declare defendant entitled to the land under the contract.

III. Defendant also insists that the land is secured to it by a dedication thereof made by parties to whom, as it is shown by plaintiffs' evidence, it was conveyed with other lands in the same tract, for the purpose of being sub-divided into lots. This dedication was properly made in July, 1857, by a plat and an instrument of dedication. The lands are designated upon the plat as "depot grounds," and "right of way." The instrument of dedication contains the following language: "The strip marked "right of way of the Mississippi & Missouri Railroad," is one hundred feet wide, and lots are laid out to either side, and distances noted on the plat. This strip, together with that marked "Depot Grounds," is reserved to the use of the Missis-

sippi & Missouri Railroad Company.'' This dedication sufficiently indicates, the use to which the lands are devoted, namely, right of way, and depot grounds. In order that they be held thereunder by the defendant, it must appear that they are or are to be used for those purposes. This proposition cannot be disputed. But evidence to establish this fact, as we have before said, is entirely wanting, and there is nothing in the record sufficient to raise a presumption thereof.

We are of the opinion, therefore, that defendant has not established its right to the relief asked for in its cross bill; it is therefore dismissed.

REVERSED.

· COLE, J., *dissenting*.